AETNA INSURANCE COMPANY OF HARTFORD v. WILLIAM M. RENNO.

[50 South. 563.]

1. INSURANCE.  *Fire.  Cancellation of policy.  Waiver of notice by agent.*

   Where, in issuing a policy, a fire insurance agent agreed with the assured to keep the property insured, and was authorized to place the risk with any insurance company he might elect, he could waive for the assured the notice of cancellation provided for in the policy and obtain for him a new policy, in lieu of the first one, from another company.

2. SAME.  *Delivery of policy.  Case.*

   In such case, the fact that the cancelled policy remained in the custody of the assured and the new one, sent to a subagent for delivery, was not actually delivered to or accepted by the assured personally until after the fire, will not affect liability on the new policy.

. FROM the chancery court of, first district, Hinds county.

HON. G. GARLAND LYELL, Chancellor.

Renno, appellee, was complainant in the court below; the Aetna Insurance Company of Hartford, appellant, and the Mississippi Home Insurance Company, were defendants there. From a decree dismissing the suit as to the Mississippi Home Insurance Company, but granting the complainant relief against appellant, the Aetna Insurance Company appealed to the supreme court.

The facts are fully stated in the report of a former appeal of this case, *Aetna Insurance Company v. Renno,* 93 Miss. 594, 46 South. 947.  After the case was remanded to the chancery

court for a new trial, the complainant amended his bill of complaint, and additional testimony was taken, the substance of which is set forth in the opinion of the court.

*McLaurin, Armistead & Brien,* and *Tim E. Cooper,* for appellant.

Appellee has testified that neither Harvey nor Voltz had any authority to represent him in cancelling the policy which the Mississippi Home Insurance Company had issued and delivered to him. Accordingly, such insurance policy had not been cancelled when the property was burned. And, as such policy was still in force then, the Aetna Insurance Company cannot be held liable to appellee.

The evidence fails to show any agreement between appellee and the agents of the Aetna Insurance Company whereby a decree against appellant could legally be rendered.

The only agreement of any kind was that Harvey was to re-insure the property when the Mississippi Home Insurance Company policy should expire. Such policy had not expired. *Aetna Ins. Co. v. Renno,* 93 Miss. 595, 46 South. 947.

Appellee is shown by the evidence to have relied upon no claim of agency. His contention, as shown by the testimony, is that Harvey was trying to deceive him when Harvey got the policy of the Mississippi Home Insurance Company from him. His testimony shows that he himself considered no one else to have any authority to represent him. Admitting his testimony to be true, it is not sufficient to raise an agency to accept notice of the cancellation of the policy. *Johnson v. Insurance Co.,* 66 Ohio St. 6; *Clarke v. Insurance Co.,* 35 L. R. A. 276; *Quong Tue Sing v. Insurance Co.,* 10 L. R. A. 144.

As held by this court, on the former appeal of this case, cited above, an unauthorized person cannot insure the property of another against loss by fire; and after the property has burned, the owner cannot ratify a policy previously obtained without his consent or knowledge.

The policy of the Mississippi Home Insurance Company stipulates that it may be cancelled upon the giving of five days' notice, and it is admitted that such notice was never given. It is the existence of such policy at the date of the fire which prevented the policy of the Aetna Insurance Company from attaching. The effort of appellee to show authority given to the Lake-Lott Company or to either Voltz or Harvey to accept notice of cancellation completely failed. Suppose that the policy of the Aetna Insurance Company had never been written, and there had only been a notation, on the books of the Lake-Lott agency, showing a cancellation of the policy and a notification given to Harvey of such fact together with a request that Harvey notify appellee. Would this court hold that the cancellation of the policy of the Mississippi Home Insurance Company was a valid cancellation, without notice to appellee?

The vital question here is whether or not the policy of the Mississippi Home Insurance Company had been legally cancelled at the date of the fire.

*J. B. Stirling, F. M. West,* and *L. Brame,* for appellee.

It is certain that the agent of the Aetna Insurance Company agreed with Renno to keep his fire insurance in force, and that Renno had no choice as to what insurance company should carry the insurance. The insurance agency did not require Renno to pay at once the insurance premium on any policy when issued, but kept a written account on its books wherein he was charged with the premium when it became due, it being understood that Renno should pay later. Renno had the right to rely on the agency for protection, as a result. *Ham v. Insurance Co.,* 80 Minn. 139; 22 Cyc. 1447; *Schauer v. Insurance Co.,* 88 Wis. 561; *Insurance Co. v. Wight,* 55 Fed. 455; *Dibble v. Assurance Co.,* 70 Mich. 1, 14 Am. St. Rep. 470; 1 Joyce on Ins. § 639, 640; *Hannah v. Insurance,* 37 South. 506.

It is shown in evidence that Renno stated to Harvey: "If you insure me, I want you to insure me; and when it expires,

I want you to re-insure me." Harvey replied that if Renno
would entrust his business to him, he would keep Renno in-
sured. And in such conversation Harvey told Renno: "We
will look after you, and keep it insured. Your place will be
insured, and we will keep it insured. You need not be uneasy.
Just leave it to us." The foregoing conversation was not
shown in evidence in the former trial. Had it been, the former
decree would not have been reversed and cause remanded on
the former appeal. Aills, local merchant, and Voltz, a solicit-
ing agent of the Lake-Lott insurance agency, now testify as to
the substance of such conversation. They did not so testify on
the former trial.

Their testimony changed the matter entirely, insofar as the
liability of the Aetna Insurance Company is concerned. *Mc-
Cartney v. Insurance Co.,* 33 Mo. App. 652.

If an insurance agent has the general authority to keep the
property insured or to substitute insurance, the authority to
waive notice of cancellation exists. *Herman v. Insurance Co.,*
110 N. Y. 411; *Bingham v. Insurance Co.,* 74 Wis. 498; *Stone
v. Insurance Co.,* 105 N. Y. 543; *Davis v. Insurance Co.,* 95
Wis. 234.

The fact that the cancelled policy of the Mississippi Home
Insurance Company remained in the hands of the insured, and
that the new policy, in its place, was not delivered to the in-
sured until after the fire, will not affect the right of the insured,
the appellee, to recover on the latter policy; there being no
neglect on the part of appellee under the circumstances.

Argued orally by *J. B. Stirling,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.        •

The testimony of Voltz and of Aills set out clearly and ex-
plicitly the conversation had between Voltz, Harvey, and
Renno; Aills being present and hearing same. That conversa-
tion, as detailed by Aills, is in substance as follows: That Ren-

no and Harvey were having a conversation about this insurance. "They appeared to be looking over some papers. Renno said: 'If you insure me, I want you to insure me; and when this expires, I want you to reinsure me.' And they talked along that way in conversation, I suppose, about five minutes. Harvey said to Renno: 'If you will trust your business, or turn over your insurance, to me, we [that is, Harvey and Voltz] will keep you insured. We will look after you and keep it insured. Your place will be insured, and we will keep it insured. You need not be uneasy; just leave it to us.'" Voltz testified to the same conversation, in substance, except that he makes it perhaps more explicit and full even than Aills. The effect of this conversation, which was not testified to in the former trial by Voltz, who was then a witness, and which was never testified to by Aills until this trial, Aills never having been introduced before, was to make an entirely different state of case, on the testimony, from that presented by the former record—a state of case by which the liability of the appellant clearly appears. The learned chancellor reviewed the testimony of these two witnesses as a question of fact in the case, and, we may say, allcontrolling fact, and entered a decree, evidently on account of their testimony, changing the case entirely from what it was before, in favor of the appellee. Neither of these witnesses was in any way impeached in any mode known to the law, and Aills seems to be a reputable merchant, and both Aills and Voltz testify that they have no interest whatever in the case.

Under these circumstances, we think the decree of the chancellor, finding the facts as he did, is correct, and the decree is *affirmed.*

MAYES, J., delivered the following dissenting opinion:

In my judgment the nonliability of the Aetna Insurance Company to Renno was finally settled in the case of *Aetna Insurance Company v. Renno,* 93 Miss. 594, 46 South. 947; but if I am mistaken in this, the facts of this case do not establish any

liability on the part of the above company. Renno denied in the case as originally made that Harvey or Voltz had any authority to represent him in the cancellation of the Home Insurance policy. Therefore, as declared in the former opinion, the Home Insurance policy had never been canceled and was the only insurance which attached to this risk, either under the facts of that case or under the facts of the so-called new case which comes to this court now. The facts now do not show that there was any agreement to do anything except to reinsure when the policy expired. The policy had not expired, and there was no authority given by Renno, either expressly or impliedly, to any agent of any company to cancel this policy without notice to him as stipulated in the policy and before its expiration. I do not recapitulate the facts, since they are fully stated in the case in 93 Miss. 594, 46 South. 947, supra.

I think the decree should be reversed, and dismissed as to the Aetna Insurance Company.