HARTFORD FIRE INSURANCE COMPANY, A CORPORATION, *Plaintiff in Error,* v. W. L. MCKINLEY, *Defendant in Error.*

Opinion Filed October 22, 1917.

Petition for Rehearing Denied January 10, 1918.

Where an insurance agent is requested to "place" insurance on stated property without indicating the companies, such agent, under the circumstances shown, is authorized without giving notice to cancel one policy issued on the request and to issue another in its stead, the insured not insisting on the provision in the policy requiring five days' notice to the insured of cancellation. The first policy having been cancelled before the substituted policy was issued and the latter not having been cancelled before the fire loss, the insurer can not avoid liability on the ground that the policy was not duly issued, or that the first policy was in force when the substituted policy was issued.

Writ of error to Circuit Court for Jackson County, C. L. Wilson, Judge.

Judgment affirmed.

*Blount* & *Blount* & *Carter,* for Plaintiff in Error;

*John H. Carter* and *Thomas E. Walker,* for Defendant in Error.

WHITFIELD, J.—An action was brought upon a fire insurance policy, the statutory form of declaration being used, in which it is alleged that the defendant issued the policy and thereby promised to insure, &c.   The pleas were that the defendant "never undertook or promised as alleged," and also the following additional pleas:

"1.   It denies that the defendant issued to the plaintiff its policy of insurance New York Underwriters' Agency No. 20557, and thereby promised plaintiff by the terms thereof and upon the conditions thereto annexed to insure plaintiff against damage by fire to the amount (or any other amount) and for the term, (or any other term), on the stock of merchandise and store furniture and fixtures described in the declaration as alleged in said declaration.

"2.   That in and by the terms and provisions of the alleged policy of insurance here sought to be sued upon it is provided that said entire policy, unless otherwise provided by agreement endorsed thereon or added thereto, shall be void if the insured at the time of the issuance thereof had or should thereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by said policy, that the total insurance permitted by the said policy up to the time of the alleged loss of said property by fire was Three Thousand ($3,000.00) Dollars, but the defendant had then procured and then held contracts of insurance (other than the one mentioned in the declaration) covering said property, amounting to Three Thousand ($3,000.00) Dollars, to-wit:   Twenty-five Hundred ($2,500.00) Dollars on the

stock of merchandise, and Five Hundred ($500.00) Dollars on the store, furniture and fixtures, with and from the following named insurance companies, to-wit. The Queen Insurance Company, and the Continental Insurance Company, in consequence whereof the alleged policy sued upon was and is void."

Issue was joined on the general plea, and also on the special plea No. 1.

To the plea No. 2 the following replication was filed: "That the additional insurance alleged in said plea, existed at the time the policy sued on was issued, and at the time of such issuance the defendant had knowledge and notice of the existence of said prior insurance, and with such knowledge and notice, issued the policy sued on; whereby defendant waived the stipulation set forth in said plea that the policy should be void if the insured at the time of the issuance thereof had, or should thereafter make or procure any other contract of insurance, whether valid or not, on the property covered in whole or in part by said policy. For further replication to said plea, plaintiff joins issue thereon."

Defendant joined issue on the replication. Verdict and judgment were rendered for the plaintiff, and the defendant took writ of error.

It appears that the following letter was written by a sub-agent to W. H. Milton, the insurance agent:

"Campbellton, Florida,
"January 5th, 1916.

"Mr. W. H. Milton, Agent,
    "Marianna, Florida.
"Dear Sir:

"Please place $2,500.00 on the stock of general merchandise and $500.00 on the fixtures of W. L. McKinley.

He has just completed his inventory, and his books show a stock on hand of $4,422.00 and fixtures valued at $886.30. He is situated Number Four Rear West side of St. Andrews street, Block Five, one in the one and one-half story wood building covered with singles, rate $4.05.

"Yours truly,

"J. H. FEARS,

"Sub-agent."

Policies were issued as shown by the following letter:

"Marianna, Florida,

"January 5th, 1916.

"Mr. J. H. Fears,

"Campbellton, Florida.

"Dear Sir:

"Your favor of the 5th inst., and I have written two policies for Mr. W. L. McKinley, one in the Continental No. 581 for $1,250.00 on stock, and $250.00 no furniture and one in the Queen No. 241 for the same amounts. I will keep these policies here until I see whether they will be carried or not. I am very much afraid they will not, but will let you know if I have to cancel them.

"Yours truly.

"W. H. MILTON, Agent."

On the same day, January 5, 1916, Milton, the agent, reported the issuance of the two policies to the respective companies. On January 7th, 1916, the Queen Insurance Company wired Milton to cancel its policy. This was done and the policy mailed to the company endorsed cancelled. On January 7, 1916, the policy here sued on was issued by Milton as Agent, in lieu of the cancelled policy of the Queen Insurance Company. The policy issued by

Milton for the Continental Insurance Company was upon instructions by letter cancelled by Milton on January 13th, before Milton heard of the fire loss on the night of the 12th.  Milton reported to the defendant company the issuance of the policy sued on, and by letter dated January 14th, Milton was directed to cancel the policy, the company not knowing of the fire when the letter of 14th was written.  Milton gave no notice to McKinley or to Fears of his instructions to cancel the Queen policy, or that he had written the Hartford policy in substitution therefor until after the fire.  The Hartford policy was retained by Milton subject to cancellation by the company as in the case of the Continental and Queen policies; and Milton had the Hartford policy here sued on in his possession at the time of the fire.  On January 13th, before the Hartford Company heard of the fire it wrote Milton to cancel its policy.  The policy of the Queen Company contained a clause that the policy may be cancelled "by the company by giving five days' notice of such cancellation."

In view of the two letters above set out, Milton was authorized to place a certain amount of insurance on stated property.  Of course it was contemplated by the parties to the correspondence that the insurance should be made effective.  Milton had an application to place insurance for McKinley, which under the circumstances shown, authorized him to cancel one policy and to issue another in its stead, the insured not insisting on the provision in the policy requiring five days' notice to the insured of cancellation.  See Dibble v. Northern Assur. Co., 70 Mich. 1, 37 N. W. Rep. 704; Todd v. German-American Ins. Co. of New York, 2 Ga. App. 789, 59 S. E. Rep. 94; Aetna Ins. Co. of Hartford v. Renno, 96 Miss. 172, 50 South. Rep. 563; Phoenix Ins. Co. v. State, 76 Ark. 180, 88 S. W. Rep. 917, 6 Ann. Cas. 440.  Delivery of the policy

to the insured was not under the circumstances essential to its validity. May on Insurance Sec. 55a; 14 R. C. L. Insurance, Sec. 75, p. 897. When issued the policy became effective even though it could have been cancelled in due course. It was not cancelled before the fire, and under the circumstances of the case, the insurer cannot avoid liability on the ground that the policy was not duly issued.

The policy sued on was in fact issued by the agent of the insurer pursuant to an application made for the insured that was sufficient for the purpose. See Todd v. German-American Ins. Co. of New York, *supra*. As the gist of the application was for a stated amount of insurance on designated property, the fact that a higher rate of premium was exacted for a portion of the insurance did not render ineffective a policy actually issued. The additional premium was receipted for as having been paid. As the Queen policy was cancelled before the policy sued on was issued, the latter policy was not avoided by other insurance. No special issues were made as to the ownership or value of the property insured or as to the amount of the loss; and the evidence is sufficient as to the ownership and value of the property to sustain the verdict found and approved by the trial court in denying the motion for a new trial.

The charges of the court are in substantial accord with the conclusions above stated and no error appears in the refusal of requested charges. No substantial or prejudicial error is shown, and the judgment is affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J. concur.