Grafton, }
June 28, 1919. }

## GUY S. DAVISON *v.* NORMAN E. PARKS & *a.*

To bind a principal by an act which his agent is not expressly authorized to do, the principal must have so conducted his business as to give persons dealing with the agent the right to believe that the act in question was authorized, or the act must be one which agents in the same line of business are accustomed to do.

TROVER, for a truck. The defendants' evidence tended to prove that the plaintiff, a manufacturer of Long-Ford trucks employed one Jordan to establish an agency for the sale of these trucks in Colebrook, and authorized him to sell the truck in question for $300. Jordan traded it to the defendants for an automobile. Transferred by *Sawyer*, J., from the May term, 1918, of the superior court on the defendants' exception to a directed verdict.

The evidence relating to the exception appears in the opinion.

*Frank P. Tilton*, for the plaintiff.

*Drew, Shurtleff, Morris & Oakes* (*Mr. Irving A. Hinkley* orally), for the defendants.

YOUNG, J. The questions raised by the defendants' exception are whether there is any evidence tending to prove (1) that the plaintiff expressly authorized Jordan to trade the truck for an automobile, or (2) that Jordan had implied, or (3) apparent authority to make the trade, or (4) that it is the custom in the automobile business for those who are employed to sell trucks to trade them for other property. 2 C. J. 559, 560.

The only evidence tending to prove that Jordan was expressly authorized to dispose of the truck is his testimony that he was authorized to sell it for $300. If "to sell" is given its ordinary meaning, Jordan's only authority in so far as disposing of the truck is concerned, was to sell it for cash. *Taylor &c. Co.* v. *Starkey*, 59 N. H. 142; 21 R. C. L. 867. As there is no evidence tending to prove that was not the sense in which the plaintiff used "to sell" it must be held that Jordan was not expressly authorized to make the trade in question.

An act an agent is not expressly authorized to do may bind his

principal if it is one that is necessary to enable him to effectuate
the purpose for which the agency is established. For example, an
agent for the sale of spirituous liquor may buy liquor on the credit
of the town if the town fails to supply him with funds for that pur-
pose. *Backman* v. *Charlestown*, 42 N. H. 125. The test, therefore,
to determine whether authority to make the trade in question was
incidental to Jordan's authority to establish an agency for the sale
of trucks is to inquire whether Jordan could effectuate the purpose
for which he was employed, — to establish an agency for the sale
of trucks in Colebrook, — without furnishing the defendants with
a sample truck, not whether it would be necessary for them to have
a sample if they were to do a successful business. While it may be
true that the defendants could not make the agency a success with-
out a truck to show prospective customers, it was no more necessary in
order to establish the agency that Jordan provide them with a sample
at their price, than that he should agree that they might fix the price
at which trucks should be sold. In other words, while it was essen-
tial that the defendants have a sample truck, it was no more and no
less necessary that Jordan should furnish them with it at their price
than that he should fix the price at which trucks might be sold. In
short, if it can be found that Jordan had implied authority to make
the trade in question, it can be found that he had implied authority
to fix the price at which a truck might be sold, regardless of the price
fixed by the plaintiff. It cannot be found, therefore, that Jordan
had implied authority to trade the truck for an automobile from
the mere fact he was employed to establish an agency for the sale
of the plaintiff's trucks.

When it is said that a principal is bound by an act his agent was
not expressly authorized to do, because it was within the apparent
scope of his authority, by it is intended that the act is one the prin-
cipal held out the agent as having authority to do. *Atto* v. *Saunders*,
77 N. H. 527, 529. In short, by it is intended that the principal
has either so conducted his business as to give third parties the
right to believe that the act in question is one he has authorized
his agent to do, or that it is one agents in that line of business are
accustomed to do. 2 C. J. 571, 573; 21 R. C. L. 856. The defendants
do not contend that it is the custom in the automobile business for
those who are employed to sell trucks to trade them for other property,
consequently the test to determine whether the trade in ques-
tion was within the apparent scope of Jordan's authority is to in-
quire whether the plaintiff is shown to have done something which

he ought to have known might induce the defendants to think Jordan was authorized to trade the truck for an automobile. The defendants say they were misled by the fact the plaintiff sent Jordan to Colebrook to establish an agency for the sale of those trucks without removing his number plate from the truck, and without attaching the truss rods to it. If it is true that the defendants relied on these facts, it does not necessarily follow that their exception can be sustained, for as we have seen they must show not only that they were misled by the acts of which they complain, but also that the plaintiff ought to have anticipated that they would be. The question, therefore, is whether the plaintiff ought to have anticipated that if he did the acts of which the defendants complain, it might lead them to think Jordan was authorized to dispose of the truck in the way he did. It is obvious that the fact the plaintiff did not remove his number plate from, and attach the truss rods to the truck Jordan drove when the plaintiff sent him to Colebrook to establish the agency, has no tendency to prove that Jordan had any authority to dispose of the truck. It cannot be found, therefore, that the plaintiff ought to have anticipated when he did these things that the defendants might think Jordan was authorized to make the trade in question.

*Exception overruled.*

All concurred.