Rockingham, }
Jan. 4, 1927. }

### THE FEDERAL INSURANCE COMPANY &C.
#### *v.* ABRAHAM SYDEMAN.

When the facts are undisputed, the question whether an agent has the requisite authority to bind his principal is a question of law.

A person dealing with an agent may presume that he has such authority as a reasonable person would naturally suppose the principal had conferred.

A person dealing with an agent has the right to assume that he is empowered to transact in the usual way the business entrusted to him.

A principal is bound by his agent's act, if it is one which agents in the same line of business are accustomed to do.

An insurance agent who represents several insurers may also represent a property owner for the purpose of selecting insurers and keeping the property insured; he may cancel one policy and substitute another.

The statutory stipulation of a ten-day notice of cancelation (Laws 1913, *c.* 89; P. L., *c.* 276, *s.* 7) is merely for the protection of the assured; such notice may be expressly waived by him or the parties may contract pursuant to their custom of transacting business, which dispenses with such notice.

Persons who contract with an agent on the basis of a custom mutually adopted by them and the agent may bind the principal thereby although he is ignorant thereof.

No custom or usage can be shown which is contrary to law.

A general conclusion of the trial court will be disregarded if inconsistent with a special finding.

BILL IN EQUITY, to enjoin the defendant from prosecuting an action at law against the plaintiff, and to compel the return of a certain insurance policy on which the action was brought. By leave of court the Home Fire & Marine Insurance Company appeared as intervener, and Leon Davidson (who was also a party plaintiff in the action at law) was allowed to file a bill for reformation of the policies in controversy. Trial by the court, who found substantially as follows:

On April 18, 1924, Leon Davidson applied to the Derry Insurance Agency for insurance on machinery and other property located in his factory at Derry. He informed the agency that the defendant was financially interested in the enterprise and had title to the property. The Derry agency were general agents for various insurance companies with authority to write policies for any of them. The agency agreed with Davidson to insure the property for $5,000. Davidson left to the agency the matter of apportioning the insurance and selecting the company or companies in which the insurance was to be placed. The agency agreed to keep the property insured to the extent of $5,000, with a further understanding that more insurance was to be written when more machinery arrived. On the same day the agency wrote two policies, one in the Home Fire & Marine Insurance Company for $2,750, and the other in the Mechanics Insurance Company for $2,250. On April 21, the policies were delivered to Davidson, who paid the premiums on both. They were written in the name of the defendant.

On April 23, the agency canceled the policy in the Home company at that company's request, and at the same time issued a policy in the Federal Insurance Company for the same amount and on the same property, crediting the defendant with the payment of the premium and using therefor the money paid for the premium on the policy previously written. The agency then sent to Davidson a written notice of the cancelation and substitution, inclosing the Federal policy therewith and requesting the return of the Home policy. Davidson later informed the agency that he had never received the notice or policy. The court did not determine the truth of this statement, but found that in either event there was no acceptance of the new policy in place of the old either by Davidson or Sydeman. To this finding the Home company excepted.

The court further found that in canceling the Home policy and issuing the Federal policy in substitution therefor the Derry agency

acted in accordance with the custom and regular course of dealing in the fire insurance business.

All three policies contained provisions in accordance with Laws 1913, *c.* 89, that they could not be canceled except on ten days' notice. The property insured was damaged by fire on the night of April 24, 1924.

On the foregoing facts, the court found, so far as it was a question of fact, and ruled, so far as it was a question of law, that there was no liability under the policy issued by the Federal company, and that the Home company was liable under its policy, but that this was without prejudice to the right of the Home company to the defenses arising from other facts, or from the question of the insurable interest of Sydeman, and also without prejudice to the rights of Davidson under his bill for reformation. The Home company excepted. Transferred by *Sawyer,* C. J.

*George T. Hughes* and *George R. Scammon* (*Mr. Scammon* orally), for the plaintiff.

*Thorp & Branch* (*Mr. Branch* orally), for the intervener.

*Warren, Howe & Wilson,* for the defendant.

MARBLE, J. The rule that the same person may not act as agent for both the insurer and the insured does not apply unless the dual agency thus created requires the agent to assume incompatible duties. Ostrander, Fire Ins., s. 41. Accordingly, it has been held that an insurance agent who represents several companies may also represent a property owner for the purpose of selecting companies and keeping the property insured, and that he may therefore cancel a subsisting policy and substitute another in its place. *Allemania Fire Insurance Co.* v. *Zweng,* 127 Ark. 141; *Phoenix Insurance Co.* v. *State,* 76 Ark. 180; *Hartford Fire Insurance Co.* v. *McKinley,* 74 Fla. 186; *Todd* v. *Insurance Co.,* 2 Ga. App. 789; *Warren* v. *Insurance Co.,* 161 Iowa, 440; *Hamm Realty Co.* v. *Insurance Co.,* 84 Minn. 336; *Dalton* v. *Insurance Soc.* (Tex.), 213 So. W. Rep. 230; *Hollywood Co.* v. *Insurance Co.,* 80 W. Va. 604. Additional authorities will be found in 32 C. J. 1255. On the question of dual agency attention is called to the case of *Wilson* v. *Atwood,* 81 N. H. 61, and to the finding of the trial court in the present case that in canceling the intervener's policy and substituting the plaintiff's therefor the Derry agency acted in accordance with the custom and regular course of dealing in the fire insurance business.

While it is the general rule that no custom or usage can be shown which is contrary to law (*Rogers* v. *Allen*, 47 N. H. 529; *Scribner* v. *Hollis*, 48 N. H. 30), the statutory stipulation relating to notice of cancelation was merely for the protection of the defendant, who could waive it himself or authorize the agents to waive it for him. *Kelsea* v. *Insurance Co.*, 78 N. H. 422, 425. Consequently, if he knew of the practice of insurance companies to disregard such stipulations in analogous cases, there can be no question but that he impliedly authorized the agents to follow the practice in his particular case. *Martin* v. *Maynard*, 16 N. H. 165, 167. But neither he nor Davidson testified at the trial, and it does not appear that either of them had any knowledge on the subject.

This does not dispose of the matter, however, for even if ignorance of a custom may render the custom ineffectual as between a principal and his agent, it does not necessarily affect the rights of a third person who contracts with the agent on the basis of the custom. *Backman* v. *Charlestown*, 42 N. H. 125, 132. And the Home company here occupies the position of a third person.

It is agreed that the agents had authority to replace policies when necessary. Cancelation without notice was customary in such cases, and a third person in dealing with the agents had a right to assume that they were empowered to transact the business entrusted to them in the usual way. *Atto* v. *Saunders*, 77 N. H. 527; *Mulhall* v. *Company*, 80 N. H. 194, 208; *Schwartz* v. *Casualty Co.*, ante, 177. The statement has many times been made by this court that a principal is bound by his agent's act if "it is one agents in that line of business are accustomed to do." *Davison* v. *Parks*, 79 N. H. 262; *Wilkinson* v. *Company*, 79 N. H. 335; *New Hampshire &c. Fruit Co.* v. *Paine*, 80 N. H. 540.

This is not, however, a case of undisclosed restrictions on the agent's authority, for the Home company by virtue of the dual agency had all the knowledge relating to the agents' authority to act for the defendant that the agents had themselves. It may be that under such circumstances there is no difference between the agents' actual and apparent authority, but the question need not be decided, since it is the extent of the agents' apparent authority which here controls.

That the agreement was to "keep the property insured" is not only uncontroverted, but established by a definite finding. "When the facts are undisputed, the question whether an agent has the requisite authority to bind his principal, is a question of law for the

court." *Gulick* v. *Grover*, 33 N. J. Law, 463, 473. Such is the situation in the present case.

The essential inquiry is not what authority the defendant intended to confer, but what authority a reasonable person in the position of the Home company would naturally suppose he had conferred. *Atto* v. *Saunders, supra.*

The object of stipulations requiring notice is to give the insured an opportunity to procure new insurance. Where, as here, the insured has arranged for constant protection the stipulation is of trifling importance. The selection of companies had been left to the agents in the first instance, and there is no suggestion that the defendant did not desire that arrangement to continue.

If the agents were required to give notice of cancelation and await the defendant's approval of the substituted policy, then their agreement to keep the property insured was of no special significance. They would have so acted if there had been no agreement at all. The defendant must have intended to confer some authority upon them, and the only fair inference to be drawn from his conduct is that he expected the agents, if occasion to revoke a policy should arise, to waive notice of cancelation, and substitute a new policy forthwith. No reasonable person possessed of all the knowledge which the Home company had by reason of the dual agency could have understood the contract to mean anything else.

The general conclusion of the trial court is therefore held to be unwarranted by the special findings. The policy was effectually canceled, and the Home company is not liable.

In this view of the situation it is unnecessary to decide whether the defendant's demand on the Federal company for payment and his subsequent suit and answer to the plaintiff's bill constituted a ratification of the agents' act.

Before the bill was filed, Sydeman had brought an action at law on each policy. Davidson was later joined as party plaintiff. No reason is apparent why the rights of the parties could not be adequately determined in the trial of these actions. But inasmuch as a decision is desired at this time, the question presented has been considered. Whether the Federal company is liable on the merits of the controversy, and if so, whether it is liable to Sydeman or to Davidson, are questions to be decided in the superior court.

*Exceptions sustained.*

BRANCH, J., did not sit: the others concurred.