Hillsborough, }
Nov. 7, 1934. }

RALPH D. REED *v.* ROLLISTON W. LINSCOTT.

*Sullivan & Sullivan (Mr. Thomas E. Dolan* orally), for the plaintiff.

, *McLane, Davis & Carleton (Mr. Dudley W. Orr* orally), for the defendant.

ALLEN, C. J. The conversion of the car by the agent is not doubtful. He acted beyond his authority and wrongfully appropriated it to his own use. He had no right to transfer the title except upon a sale for the owner. A sale for himself being outside the agency, the defendant acquired no title or right of possession and was equally liable for a conversion unless he may avail himself of some principle of estoppel. The defence is made that the agent was held out by the owner with apparent authority to act as though the car was his own.

In *Atto* v. *Saunders*, 77 N. H. 527, 529, the definition of apparent authority was adopted as that "which a reasonably prudent man, induced by the principal's acts or conduct, and in the exercise of reasonable diligence and sound discretion, under similar circumstances with the party dealing with the agent, ... would naturally suppose the agent to have." In *Davison* v. *Parks*, 79 N. H. 262, 263, it is thus defined: "In short, by it is intended that the principal has either so conducted his business as to give third parties the right to believe that the act in question is one he has authorized his agent to do, or that it is one agents in that line of business are accustomed to do." Frequent resort to this test has since been made. See *Sullivan* v. *Insurance Co.*, 86 N. H. 184, 186, and cases there cited.

It hardly needs statement that apparent authority is not the same as implied authority. The latter is a form of actual authority. Unexpressed in stated terms, it follows as a reasonable incident or construction of the terms. Apparent authority, not being authority in fact, rests on the general principle of estoppel by which one who has given a false appearance to a situation is barred from denying the falsity. "Estoppel exists, and can only exist, not where there is agency, but where there is none." 16 Harv. Law Rev. 186, 188. "Liability for acts not authorized in fact and not ratified may be found when the principal has not lived up to the standard of reasonable conduct towards third persons who deal with his agent." *Edelstone* v. *Company*, 84 N. H. 315, 319.

Possession gives third persons no right to assume the possessor's ownership or power to sell as against the owner. *Hyde* v. *Noble*, 13 N. H. 494; Williston, Sales, s. 313; 24 R. C. L. 391. If the possessor as the owner's agent, has authority to sell, the authority is to sell in the owner's behalf and not as the agent's personal affair. The authority to sell is not for the agent to treat the property as his own, and without circumstances of estoppel no appearance of authority beyond the actual authority is given when property is delivered to an agent for sale.

"Miller had an undoubted authority to sell the goods; but it was to sell them, not as his own, but as the goods of the plaintiff; and acting as agent of the plaintiff he had no right to exchange them for other goods, or for his own note. By the disposition he made of them he treated them as his own, and this disposition was not properly a sale, within the meaning of his authority to sell, but a delivery over, at a certain price, in payment of a demand against himself. Although in the nature of a sale, it is in fact a payment of his debt with goods instead of money. If it might also be considered as a purchase by himself, at the same time that will not avail, as an agent has no right to purchase of himself what he is entrusted to sell." *Holton* v. *Smith*, 7 N. H. 446, 451.

Apparent authority beyond actual authority is lacking when the owner does not hold the agent out as having more than the actual authority. The good faith of the person dealing with the agent is then a negative factor. There is no estoppel against the principal because he has not misled the third party, and the actual authority given the agent is all that may be charged to the principal. The purchase from the agent is no less a conversion than the sale by the agent. ". . . the defendant's possession was unlawful in its inception; and he acquired neither title nor the right of possession by receiving the property from one who had no authority to deliver it to him." *Gould* v. *Blodgett*, 61 N. H. 115, 121. In saying that the court in this case held the defendant not to be a purchaser in good faith, the defendant underrates its authority. The purchaser there was not one in good faith because he did not pay for what he bought except in giving credit on the agent's existing indebtedness to him. He did not know the terms of the agency, and although under the present sale of goods act he would now be held to have acted in good faith, the result would not be different. Elsewhere in the opinion it is clearly made to appear that the purchaser, although acting in good faith, would have been liable if the transaction with the agent had been, for example, a barter.

As appears by the definition of apparent authority applied in *Atto* v. *Saunders*, *supra*, the third party must exercise reasonable diligence not to be misled by the appearances. He may not take matters for granted unless it is reasonable to do so. In other words, he is called upon to make such inquiry as the ordinary man in his place would make to ascertain if the appearances have reality behind them. If such inquiry would be effective in disclosure, he does not have the benefit of the estoppel. The requirement of reasonable inquiry in

such cases is the same as that in the purchase of unmatured negotiable instruments. In dealing with an agent it must be made to obtain the advantage of an estoppel, and in the purchase of negotiable paper it is required as an element of good faith.

It is argued here that the plaintiff, entrusting his car to be sold for him by an agent who was a dealer in buying and selling cars on his own personal account, furnished an appearance reasonably entitling the defendant to his belief that it belonged to the agent. But no usage of trade to warrant such belief is shown, and the defendant knew that the agent made a practice of selling cars for others as a part of his business. He therefore might not assume without reasonable inquiry that the car was the agent's. If not a required finding, it was reasonable to conclude that he had insufficient information to entitle him to act on the assumption of the agent's ownership and that therefore it was demanded that he seek further to learn the true situation.

The appearance of the agent's ownership was at best doubtful in pointing to any conclusion, and if any estoppel might be otherwise charged to the plaintiff, it was not available to the defendant in his omission to make proper inquiry. Since it took but very slight inquiry to learn the plaintiff's ownership, reasonable effort to ascertain about it would have been effective. The defendant's lack of diligence estops him from asserting the agent's authority to act as owner.

In considering the special findings of the referee, employment is to be made of the rule announced in *Lamarre* v. *Lamarre*, 84 N. H. 553, and cases there cited, by which special findings consistent with, but insufficient to support, a verdict do not invalidate it if there may have been other findings which with those furnished establish the support. As findings which were proper to be made, the plaintiff did not hold the agent out, at least as to the defendant, to have more authority than was bestowed in fact. He did nothing to indicate that the agent might act in a manner which as between them was unpermitted. He had no reason to anticipate that a purchaser knowing the agent sold cars for others as well as on personal account would think his car was the agent's. *Davison* v. *Parks*, 79 N. H. 262, 263, 264. In giving the agent possession of the car he may have furnished the agent the opportunity to fraudulently claim ownership, but there is nothing to show that he should have foreseen such conduct. What he did was no indication to him "that there was probability that others would be misled thereby" (*Edelstone* v. *Company*, 84 N. H. 315, 319), so far at least as those in the position of the defendant with his knowledge were concerned.

In *Holton* v. *Smith*, 7 N. H. 446, the defendant was aware of the agent's authority to sell, but in giving the authority the principal did not hold the agent out "to act as the owner of the goods." The case is in distinct contrast with *Nixon* v. *Brown*, 57 N. H. 34, in which the principal suffered the agent to retain evidence purporting to show the principal's property to belong to the agent.

By the sale of goods act (P. L., *c.* 166) the defendant paid "value" for the car and may have acted "in good faith." *Ib., s.* 76, I, II. But he did not thereby acquire title or the right to estop the plaintiff from asserting title. Subject to the provisions of the act, a buyer from one neither the owner nor having the owner's authority or consent to sell acquires only the seller's title unless the owner's conduct has precluded him from denying the seller's authority. *Ib., s.* 23. No provision of the act serving to relieve the defendant from the burden of this section is found. It follows that as to him the common law confirmed by statutory enactment is to control. And the section is a substantial answer to the defendant's argument of policy. Business is extensively done through agents, and the law, both common and statutory, seeks to find a rule of practical justice balancing the due protection of the principal with that of the third party who deals with the agent. A principal's liability for his agent's unpermitted conduct should be determined without regarding the rule of *caveat emptor* as outworn. The third party's own conduct must be reasonable if the owner is to be liable to him for conduct which is unreasonable. It merely begs the question to say that when one of two innocent persons must suffer, the loss should be on him who has made it possible by giving apparent authority. What appearance of authority has been given entitling the person dealing with the agent to rely upon it, remains for inquiry according to the facts a case presents.

*Judgment for the plaintiff.*

WOODBURY, J., did not sit: the others concurred.