PEARSON, Judge.
The appellants are judgment creditors of Fred E. Traister. They had obtained a final judgment against Traister in an action to recover damages for personal injuries caused by a collision with Traister’s vehicle. Thereafter, appellants brought a garnishment proceeding[1] against the ap-pellee, Pennsylvania Threshermen and Farmers’ Mutual Casualty Insurance Company, contending that the injury was covered under a policy of insurance issued by the appellee to Traister. The garnishee denied coverage. At the conclusion of the trial, the court stated that “if the policy was issued, it was issued through mistake or based on misrepresentation.” The trial court held that there was no coverage and entered judgment in favor of the garnishee. This appeal is from that judgment We hold that the finding and judgment of the trial court is without the support of substantial evidence in this record, and we reverse.
Appellants have presented two points on appeal. The first point urges that the garnishee, insurance company, was estopped to deny coverage because it undertook the defense of the cause without reservation. This' point argues the legal effect of a letter to the insured in which the garnishee states that it is undertaking the defense of the personal injury claim “without any reservations of rights” but which contains what appears to be a reservation in a succeeding sentence of the letter. We do not undertake to decide this point, because we find that reversal is clearly required under appellants’ second point.
Appellants’ second point urges reversal upon the ground that the garnishee totally failed to support its defenses of mistake and fraud in the issuance of the policy endorsement.
.At the beginning of the trial, the policy and an endorsement were introduced into *610 evidence. The garnishee stipulated that it had issued the policy endorsement, but stated that the endorsement was not valid and effective. There was conflicting evidence as to how and when the endorsement was ordered. In fact, no explanation was ever given as to how or why it was issued. The endorsement clearly amended the policy to include the vehicle which caused the injury to appellants. Upon the face of the endorsement an effective date is set out which is prior to the time the injury occurred.
When a claim is based upon a written policy of insurance which upon its face covers the occurrence and the policy is admitted into evidence, the policy is presumed to be effective until a contrary showing is made. Cf., Continental Casualty Co. v. City of Ocala, 99 Fla. 851, 127 So. 894 (1930); Kimbro v. Metropolitan Life Insurance Co., Fla.App.1959, 112 So.2d 274, 277. See also Hartford Fire Ins. Co. v. McKinley, 74 Fla. 186, 77 So. 226 (1917).
The record reveals that premiums for the coverage now sought to be enforced were paid and accepted. The premiums were retained until the hearing of this cause, a period of some three year?, at which time an effort was made to return the premiums.
No useful purpose would be served by lengthening this opinion by a discussion of the legal effect of the testimony of each of the witnesses. It is sufficient to point out that in order to avoid the legal effect of a written insurance policy, it is necessary to show fraud or mistake by clear and convincing evidence. Cf. Continental Casualty Co. v. City of Ocala, supra; Coastal States Life Insurance Co. v. Raphael, Fla. App.1966, 183 So.2d 274.
We conclude therefore that the final judgment appealed must be reversed upon the ground that it is against the manifest weight-of the evidence and against the clear legal effect of the evidence. The final judgment in garnishment is reversed, and the cause is remanded with directions to enter a judgment for the garnishor.
Reversed and remanded.

. See Ma.Stat. § 77.01, F.S.A.; Oper v. Air Control Products, Inc. of Miami, Fla.App.1965, 174, So.2d 561, 563.