Belknap
No. 86-391

DANIEL WEBSTER COUNCIL, INC., BOY SCOUTS OF AMERICA

v.

ST. JAMES ASSOCIATION, INC., a/k/a CAMP LEO

August 19, 1987

*Bell, Falk & Norton P.A.*, of Keene (*Ernest L. Bell, III*, on the brief and orally), for the plaintiff.

*Winer, Pillsbury & Bennett*, of Nashua (*Robert W. Pillsbury* on the brief and orally), for the defendant.

THAYER, J. This case involves a bill in equity for specific performance filed by the plaintiff, Daniel Webster Council, Inc., Boy Scouts of America. The Superior Court (*M. Flynn*, J.) granted the plaintiff's request for specific performance and ordered St. James Association, Inc., the defendant, to transfer the real property described in a sales agreement to the plaintiff. We reverse the superior court's order.

The parties hereto are charitable corporations which entered into a land contract on February 8, 1979, pertaining to a parcel of the defendant's land, known as Camp Leo, situated on the shores of Manning Lake in Gilmanton. The agreement stated that the defendant would grant the plaintiff the right of "first refusal to either lease or purchase the Premises." The land contract was signed by Hazel Lachmund, the secretary of the defendant corporation.

On December 18, 1984, Leonard Francis, the treasurer of the defendant corporation, entered into a purchase and sale agreement on behalf of the defendant to convey the premises to a third party. The plaintiff, upon learning of the purchase and sale agreement, exercised its claimed right of first refusal by matching the offer made by the third party. The defendant refused the plaintiff's offer and entered into a second purchase and sale agreement with the third party. The plaintiff subsequently brought suit for specific performance of the land contract, which was granted by an order of the superior court from which the defendant appeals.

The defendant contends on appeal that both the land contract and the purchase and sale agreement with the third party are not enforceable against the defendant because they were entered into by the secretary and treasurer of the corporation, respectively, who did not have actual or apparent authority to execute the agreements. Furthermore, the defendant contends that the land contract should fail for lack of consideration.

■■ The plaintiff asserts that the agreements are enforceable solely on the grounds that Lachmund and Francis each had either actual or apparent authority to act on behalf of the defendant to convey the property known as Camp Leo. We will therefore confine our answer to those two legal concepts. We disagree with the

plaintiff's contentions. With regard to the actual authority of officers of a corporation, they have only those powers conferred on them by the bylaws of the corporation or by the resolution of the directors. *See* RSA 294:89 (currently codified at RSA 293-A:50, II (Supp. 1986)). The bylaws of the defendant corporation state that Lachmund, as secretary, is vested with the authority to act as the chairman at the meetings of the executive committee, in the absence of the chairman, and to "perform other duties as may be prescribed by vote of the Executive Committee and . . . to keep careful minutes of meetings and to report to the Board of Trustees." The bylaws clearly do not confer upon the secretary the original authority to enter into contracts on behalf of the corporation. Furthermore, the trial court found that the board of directors had not authorized Lachmund to enter into the February 8, 1979, contract on the corporation's behalf. Therefore, we determine that Lachmund did not have actual authority to enter into the land contract with the plaintiff.

■■ Furthermore, the plaintiff asserts that Lachmund was vested with apparent authority to act on behalf of the defendant. We have previously defined apparent authority as the "authority which a reasonably prudent [person], induced by the principal's acts or conduct, and in the exercise of reasonable diligence and sound discretion, under similar circumstances with the party dealing with the agent, and with like knowledge, would naturally suppose the agent to have." *Record v. Wagner*, 100 N.H. 419, 421, 128 A.2d 921, 922 (1957) (quoting *Atto v. Saunders*, 77 N.H. 527, 93 A. 1037 (1915)). In order to find apparent authority it is necessary to show that the principal "has either so conducted [its] business as to give third parties the right to believe that the act in question is one [the principal] has authorized [the] agent to do, or that it is one agents in that line of business are accustomed to do." *Continental Ins. Co. v. Seppala & Aho Const. Co., Inc.*, 121 N.H. 374, 376, 430 A.2d 157, 158 (1981) (quoting *Davison v. Parks*, 79 N.H. 262, 263, 108 A. 288, 289 (1919)).

■ The plaintiff has failed to establish a prima facie case that Lachmund had the apparent authority to contract on the defendant's behalf. The plaintiff describes Lachmund's role as "passive," in that she "simply [did] what Leonard Francis told her to" do. This clearly was not sufficient to vest Lachmund with apparent authority. The plaintiff does not maintain that the corporation itself so acted as to indicate to a third party that Lachmund was vested with the authority to enter into a contract on the defendant's behalf.

Because we determine that the February 8, 1979, land contract is unenforceable because of Lachmund's lack of actual or apparent authority, we need not address the defendant's second assertion, that the land contract should fail due to lack of consideration. Having determined that the land contract is unenforceable, we reverse the trial court's decree ordering the defendant to transfer Camp Leo to the plaintiff, and we need not address the validity of the purchase and sale agreement with the third party based on Francis' authority to contract on the defendant's behalf.

*Reversed.*

All concurred.