Vitko v. McQuade                    CV-91-731-B    06/01/93


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE


Joseph E. Vitko, Jr.

        v.                          Civil No. 91-731-B

Paul R. McQuade and FDIC, et al.



**O R D E R**


Before the court is the Federal Deposit Insurance Corporation's ("FIDC") Motion for Summary Judgment relying upon D'Oench Duhme & Co. v. FDIC, 315 U.S. 447 (1942) and 12 U.S.C. § 1823(e).

I.  **FACTS**

Plaintiff, Joseph E. Vitko, Jr., ("Vitko"), of VAM Enterprises, Inc., ("VAM"), brought this action against Paul R. McQuade of McQuade & McQuade Investments, Inc. ("McQuade

Investments"), and the Federal Deposit Insurance Company ("FDIC") seeking rescission of a real estate transaction and all attendant security agreements, including notes, mortgages and conveyances related to this transaction.

In October of 1990, a real estate transaction purportedly occurred in which VAM purchased real estate known as Crosby Commons, Lot 4B-2 from its financial advisor, McQuade Investments. McQuade Investments owed certain obligations on the property to the Durham Trust Company ("DTC"). Paul R. McQuade, who was a shareholder of VAM as well as shareholder, officer and director of McQuade Investments, executed the transaction and transferred these obligations to VAM. Additionally, McQuade provided DTC with additional security for the transaction in the form of notes and mortgages on other assets belonging to VAM. DTC subsequently failed and the FDIC became successor to VAM's alleged obligations to DTC.

## II.  **DISCUSSION**[1]

In his objection to the motion, plaintiff succinctly describes his claim as follows:

> It is the plaintiff's position that because Paul R. McQuade was not duly authorized to act on behalf of VAM in the Crosby Commons transaction, there never was an agreement among VAM Enterprises, Inc., McQuade & McQuade Investments, Inc. and DTC concerning the Crosby Common transaction.  In the simplest legal terms, there never was a meeting of the minds between VAM, McQuade & McQuade Investments, Inc. and DTC.  Thus, there was never a contract; and any purported conveyances, notes, or mortgages are therefore, void.

If plaintiff succeeds in this claim, the agreements plaintiff attacks will be declared void, not voidable as the FDIC contends

---

[1]In ruling on this motion for summary judgment, I am guided by the following standards.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The burden is upon the moving party to establish the lack of a genuine, material, factual issue, Finn v. Consolidated Rail Corp., 732 F.2d 13, 15 (1st Cir. 1986), and the court must view the record in the light most favorable to the non-movant, according the non-movant all beneficial inferences discernable from the evidence, Oliver v. Digital Equipment Corp., 846 F.2d 103, 105 (1st Cir. 1988).  If a motion for summary judgment is properly supported, the burden shifts to the non-movant to show that a genuine issue exists.  Donovan v. Agnew, 712 F.2d 1503, 1516 (1st Cir. 1983).

because VAM never became obligated to perform under the agreements.  See Calamari and Perillo, Contracts,  §§ 1-11 (2nd ed. 1970); see also Daniel Webster Council, Inc. v. St. James Ass'n., Inc., 129 N.H. 681, 684 (1987); Taylor Trust v. Security Trust Fed. Sav. & Loan Ass'n., Inc., 844 F.2d 337, 342 (6th Cir. 1988).  Neither D'Oench nor § 1823(e) bar claims and defenses that would render an agreement void.  Langley v. FDIC, 484 U.S. 86, 93-94 (1987); see also FDIC v. Braker and Rivera, Inc., 895 F.2d 824, 830 (6th Cir. 1990); FDIC v. Aetna Cas. & Sur. Co., 947 F.2d 196, 202 (6th Cir. 1991); Taylor Trust, 844 F.2d at 342-43. Accordingly, the FDIC may not invoke either D'Oench or § 1823(e) to obtain summary judgment in the present case.

The FDIC's Motion for Summary Judgment (document no. 40) is denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

June  1, 1993

cc:  David Garfunkle, Esq.
     Deborah Reynolds, Esq.

4

Jennifer Rood, Esq.
Malcolm McNeill, Esq.
Douglas Gray, Esq.
James Noucas, Esq.