HAMM REALTY COMPANY v. NEW HAMPSHIRE FIRE INSURANCE COMPANY.[1]

November 8, 1901.

Nos. 12,722—(64).

### Decision on Former Appeal.

The rule adopted on the former appeal (80 Minn. 139) that a general insurance agency representing several companies may act for the insured in waiving notice of cancellation, and thereupon at once issue a renewal policy in another company, carried by such agency, followed and approved.

### Insurance Agency—Custom.

Evidence of business usage and conduct between such agency and the insured considered, and *held* sufficient to require a submission to the jury of the question whether authority to waive notice of cancellation and to renew the insurance in another company by the agency had been established.

### Same—Direction to Clerk.

Where the manager of such general insurance agency directs a clerk to cancel a policy, and write it in another company, and the clerk acts immediately upon such direction, as in this case, the jury were authorized to find that the act of such clerk was the act of the agency in that respect.

### Notice of Cancellation Waived.

Where an insurance agent has the right to waive notice of cancellation and to select the company in which the renewal is to be made, and renews the same subject only to rejection by the insured, the renewal policy constitutes a valid contract of insurance until the same is rejected.

### Implied Authority of Agent—Evidence.

Where it is sought to prove an implied authority on the part of an agent to waive notice of cancellation for the insured and renew policies,

[1] Reported in 87 N. W. 933.

by custom through usage and business conduct solely, neither the insured, the insurer, nor their agents would be·authorized to give their conclusions or understanding as evidence of the effect of the facts to establish such authority.

Action in the district court for Ramsey county to recover $1,513.45 and interest upon a policy of fire insurance. The case was tried before Jaggard, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for judgment in its favor notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Durment & Moore* and *Thomas Bates,* for appellant.

*Countryman & Morrison,* for respondent.

LOVELY, J.

Action on a policy of insurance claimed to have been substituted by defendant for a cancelled policy of another company.

When this case was here upon a former appeal (80 Minn. 139, 83 N. W. 41) we held that a general insurance agent, representing several companies, with authority to act upon applications and issue policies, as well as to cancel the same, in proper cases, might also act as the agent of the insured in waiving notice of cancellation and in accepting a delivery of a new policy when substituted for the one cancelled. It was also held that the evidence of a custom or usage between the plaintiff and such insurance agency justified a submission of the case upon the issue of the cancellation of an existing policy as well as the policy substituted by defendant. It was also held that the trial court before whom the case was previously heard, in dismissing the action and failing to make findings, had erred, for which reason the case was remanded for further proceedings. Upon the remand the action was tried to the court and jury. Verdict was for the plaintiff, holding defendant liable on the substituted policy. Motion for new trial was denied. Defendant appeals upon the whole record to this court.

Counsel for respondent urge that the law of the case, as settled, should be applied without question or further consideration. Additional evidence was received on the second trial, and we are not,

84 M.—22

on a question of first impression in this court, disposed to be captious in that respect. We have considered the additional reasons urged in connection with the cases cited by defendant's counsel to support the position that a general insurance agency could not waive the notice of cancellation provided for in the standard policy, and substitute in place thereof a new one in another of the companies represented by the agency. Upon careful consideration it still seems to us, under the sanction of what we regard as the best precedents, that the doctrine of our former decision in the respects stated is sound and reasonable. We are unable to find in the duties thus assumed by the insurance agency any danger of antagonism between the interests of the insured and the insurer. It is clearly in the interests of the insurer that the cancellation upon the order therefor should be effectuated at once, without the delay provided for in giving the notice required in the standard policy; but this could not be equitably done unless the agent also had the authority from the insurer to waive that notice.

In view of the practical business methods between underwriters and their patrons, it is useless at this day to deny that insurance agents write policies for their customers by way of renewal upon expirations and cancellations without specific directions from the insured in each case. Such a course is necessary, and is for the practical benefit of both insurer and insured; but the authority of the agent to make such renewals without specific orders therefor in each case would seem to be the only just or equitable compensation for the right to waive notice of cancellation by the representative of the insurer, since otherwise there would be a period of time in each case when the insured would be without protection, to guard against which arises the substantial reason for the course adopted in making an immediate renewal upon cancellation. We venture to say, if there were two general agencies in the same city, one having the authority to waive notice of cancellation and issue new policies, while the other had not, that the difference in the business of each would furnish a sufficient test of the practical utility of the former course. It is very seldom that the exigency of a fire arising before the substi-

tuted policy is delivered, would permit the suggestion of an antagonism of interest in such a case. We cannot see in the relations recognized in our view of the law that there would be any.

It was not on the former appeal, and is not here, claimed that there was any direct evidence of expressed authority by the plaintiff to the agency to waive notice and reinsure, but that such authority might be implied from a long course of usage in the conduct of the insurance business between such plaintiff and the agency acting for all the companies it represented. It is elementary that custom and usage, under such circumstances, may furnish evidence of agency in the respects considered in the previous opinion, and we have no doubt there was sufficient evidence reasonably to support the verdict of the jury. Mr. Haas, the manager of the agency, upon receiving notice from the German Company, in which the previous policy had been written, to cancel the same, went to his office, and directed a clerk who attended to such duties to cancel it, and write in another company. Haas then left town. It seems to us that the jury were authorized to infer that, so far as the manager was concerned, he had done all that was necessary for the cancellation of the old policy, and left it to the clerk to place the risk upon plaintiff's property in either of the remaining companies represented by his agency.

Defendant contests this proposition upon the ground that the clerk had no delegated power to effectuate the cancellation and renewal; but there is no evidence that the manager reversed the action of the clerk, nor has any reason been disclosed why he should do so, except such as would arise from the happening of the fire which consumed the buildings before the manager returned, and then it was too late. The clerk, in this respect, was acting for the manager, and, if his acts called for the judgment of selection of a new company, it was not the fault of the plaintiff that it did so. It was within the duties of the agency, and, under the circumstances, whatever the clerk did in the ordinary line of duty within the apparent authority of such agency under

the direction of such manager, as here shown, is, until revoked, of binding force and effect.

It is claimed that upon the second trial the evidence clearly showed, in cases where policies had been cancelled and renewals issued by the Haas agency, that plaintiff reserved the right to accept or reject them when offered in exchange for the old policies. This is an inference from two instances where policies were issued, not upon cancellation, but upon renewals, which were declined for the reason that plaintiff was not satisfied with the character of the companies. In these cases it is probable from the evidence that the companies in which such policies were issued were not represented by the Haas agency, but were outside companies. We may concede, however, that the Hamm Realty Company had, in every case where policies were issued on renewals or even cancellations, the right, when they were issued, to decline to receive them. Yet, if the agency had the right to cancel and to renew subject to such rejection, it would follow that, until such right of rejection had been exercised, the new policy was in force.

The right to select companies for the insured by the agency must, in view of the evidence, be considered as established. It was no idle or perfunctory ceremony, but called for the exercise of judgment, which had been surrendered to the agency by plaintiff, involving obligations embracing liability for premiums; hence the power to reject or to retain such policy by the insured was no greater than the right to discontinue insurance, and terminate the contract,—a right also possessed by both under the terms of the standard policy. We do not hold that the Haas agency had such authority, but that the testimony was sufficient to require that such issue be submitted to the jury; also, that the right to waive notice of cancellation as well as to renew immediately might be vested in the agency.

On the trial defendant attempted to prove by the manager of the Haas agency, as well as by the manager of the Hamm Realty Company, the understanding of each with relation to the effect of the issuance of policies in cases of expiration and cancellation. The question as to the understanding of the witnesses in such

cases was properly excluded. It was clearly incompetent to show the understanding or opinion of a witness with reference to the effect of their conduct to create contract relations, since it could not establish either the fact of agency, authority, nor the legal conclusion arising therefrom.

Other assignments of error are not considered of sufficient merit to require specific notice.

Order affirmed.