BRADSHAW BROTHERS AND COMPANY v. FIRE INSURANCE COMPANY OF COUNTY OF PHILADELPHIA.[1]

March 1, 1907.

Nos. 14,990—(149).

Action in the district court for Ramsey county to recover $985.57 upon a policy of fire insurance. The case was submitted to Kelly, J., upon a paperbook record of the case used in a former appeal, who found in favor of plaintiff for the sum demanded. From his order denying a motion for a new trial and for changes in the amendments of findings and additional findings, defendant appealed. Affirmed.

*Kerr* and *Fowler*, for appellant.

*James D. Armstrong*, for respondent.

PER CURIAM.

In accordance with the direction of this court in Bradshaw Bros. & Co. v. Fire Ins. Co. of Philadelphia County, 89 Minn. 334, 94 N. W. 866, the case was retried in the district court. By stipulation it was then submitted upon the paper book record of the same case in the former appeal. The court found adversely to the defendant and ordered judgment for the plaintiff. The defendant moved successively for changes in the findings of fact and conclusions of law and for a judgment or new trial. From the orders denying these motions, this appeal was taken.

The distinction sought to be drawn between this and the former appeal is this: The former appeal held that the evidence did not sustain the finding of the trial court that the policy was, pursuant to its terms and stipulations, duly cancelled and surrendered before the loss occurred, and did not determine whether or not the agents had authority to cancel and surrender by mutual agreement without formal notice. It is elementary that the insured may waive the provisions of the policy inuring to his benefit, including the formalities of cancellation, and that he may do this through an agent. The conduct relied upon as constituting a waiver may as a matter of law show that such waiver did or did not exist, or may leave the question open as one of fact.

The facts in this case are stated in the former opinion. The court there expressed the impression which this aspect of the case made upon it at that time, namely: "That the agents were not authorized to make any agreement or waiver, express or implied, on behalf of the plaintiff, as to the cancellation of the policy, but were authorized to receive the notice of cancellation and the unearned premium, and to deliver the policy for cancellation if the defend-

[1] Reported in 110 N. W. 1132.

100 M.—35

ant complied with the terms of the policy as to its cancellation." Subsequent examination of the record in connection with the present argument has satisfied us that the most favorable view possible to be taken of the case for the defendant is that the evidence of business usage and conduct between the agency and the insured involved a question of fact. See Hamm Realty Co. v. New Hampshire Fire Ins. Co., 84 Minn. 336, 87 N. W. 933. The trial court has determined that question of fact adversely to the defendant. This conforms to the original and present conviction of this court.

The orders are affirmed.