GIBSON *v.* THE LOWER RUNNING WATER DRAINAGE DISTRICT.

Opinion delivered January 29, 1917.

1. IMPROVEMENT DISTRICTS—ORGANIZATION—NOTICE AND DATE OF HEARING.—Where a district is attempted to be organized under Act of 1909, p. 829, as amended by Act of 1911, p. 193, in order for the county court to acquire jurisdiction, it is necessary that the county court fix the day for the hearing before the publication of the notice to the property owners.

2. IMPROVEMENT DISTRICTS—ORGANIZATION—JURISDICTION OF COUNTY COURT.—Where proceedings looking to the organization of an improvement district are special and out of the course of the common law, no presumption can be indulged with respect to jurisdictional matters, and the question of jurisdiction may be inquired into either directly or collaterally.

3. IMPROVEMENT DISTRICTS—ORGANIZATION—ORDERS BY "COURT."— Under Act 1909, p. 829, as amended by Act 1911, p. 193, the direction to the county "court" to order the publication of a certain notice, *held*, to mean the county court, and not the county judge, in vacation.

Appeal from Lawrence Chancery Court; *Geo. T. Humphries*, Chancellor; reversed.

The appellant *pro se.*

1.   The pretended formation of the district and all proceedings thereunder are void for the reason that

no order of the county court was made fixing the day for the hearing of the preliminary report of the engineer. Act 221, Acts 1911; 115 Ark. 165; 48 *Id.* 238; 51 *Id.* 34; 61 *Id.* 259; 55 *Id.* 30; 56 *Id.* 419; 14 *Id.* 408; 25 *Id.* 541; 30 *Id.* 719.

*W. A. Cunningham,* for appellees.

Notice was given and published by the clerk as required by law. This was sufficient. The intention of the Legislature was thus given due effect. 36 Cyc. 1107; 86 Ark. 304. The *court* is not required to have anything to do with the notice until after the publication. An order or direction of the judge is sufficient. The cases cited by appellant are not in point. Here the law has been complied with.

*W. E. Beloate* and *Jno. W. and Jos. M. Stayton,* *amici curiae.*

The county court must fix the day. 71 Ark. 226; 75 *Id.* 420; 86 *Id.* 596; 89 *Id.* 36; 103 *Id.* 571. Giving notice is a condition precedent. 113 *Id.* 568; 124 *Id.* 234; 123 *Id.* 383; 116 *Id.* 361.

McCULLOCH, C. J. Appellant is the owner of land within the boundaries of a drainage district in Lawrence County known as the Lower Running Water Drainage District, and he instituted this action in the chancery court of Lawrence County to prevent the imposition of assessments on his land. The district was organized in the year 1915, pursuant to the terms of the act of May 27, 1909 (Acts of 1909, p. 829), as amended by the act of April 28, 1911 (Acts of 1911, p. 193). It is contended that the county court never acquired jurisdiction because the publication of the notice to property owners was not based on an order of the county court fixing a day for the hearing.

(1) The act of 1911 provides that "when three or more owners of real property within a proposed district shall petition the county court to establish a drainage district to embrace their property, describing generally the region which it is intended shall be embraced within the district, * * * it shall be the duty of the

county court to enter upon its records an order appointing an engineer to be selected by the petitioners;" that "said engineer shall forthwith proceed to make a survey and ascertain the limits of the region which would be benefited by the proposed system of drainage; and such engineer shall file with the county clerk a report showing the territory which will be benefited by the proposed improvement, and giving a general idea of its character and expense, and making such suggestions as to the size of the drainage ditches, and their location as he may deem advisable." The statute then further provides as follows: "The county clerk shall thereupon give notice by publication for two weeks in some newspaper published and having a general circulation in the county, calling up'on all persons owning property within said district to appear before the court on some day to be fixed by the court, to show cause in favor or against the establishment of said district. At the time named in said notice, said county court shall meet and hear all property owners within the proposed district who wish to appear and advocate or resist the establishment of the district, and if it deems it to the best interest of the owners of real property within said district that the same shall become a drainage district, under the terms of this Act, it shall make an order upon its records establishing the same as a drainage district subject to all the terms and provisions of this act."

It is undisputed that the clerk of the county court gave the notice prescribed in the statute just quoted, and that the court convened on the day named in the notice and made an order establishing the district, but it is also undisputed that the county court did not make an order fixing the day for the hearing. It is contended on behalf of appellant that the notice must be given on the day previously fixed by the county court, and that the jurisdiction of the court to make an order organizing the district is dependent upon such previous order of the court fixing the day of hearing and the notice published pursuant to that order.

We are of the opinion that the argument of appellant is well founded, and that the order of the county court establishing the district was void for lack of jurisdiction. It will be observed upon a consideration of the statute that the proceedings are entirly *ex parte* until the notice is published and the owners of property in the district are thus given an opportunity to be heard. The order of the court fixing the day and the publication of the notice is necessary in order to give jurisdiction to hear and determine the question of advisability of the organization of the district. It is perfectly clear from the language of the statute that the day for the hearing must be fixed before the clerk is authorized to publish the notice, because the notice specifying the particular day for the hearing can not be given until that day has been fixed, and it is equally clear that the date of hearing can only be fixed by the court. The statute says that in so many words. It provides that the notice shall call upon all persons owning property in the district to appear on a day "to be fixed by the court," and that at the time named in the notice "said county court shall meet and hear all property owners," etc.

(2) Since we conclude that the statute requires fixing the date before the clerk can publish the notice, it necessarily follows that a notice published without the fixing of the day is void, because, as before stated, the foundation of the notice is the order of the court. The order of the court being the basis of the notice, property owners have a right to disregard the notice unless the order of court has first been made. *Gregory* v. *Bartlett*, 55 Ark. 30. The proceedings authorized under the statute are special and out of the course of common law proceedings, and no presumption can be indulged with respect to jurisdictional matters, and the question of jurisdiction may be inquired into either directly or collaterally. *St. Louis, I. M. & S. Ry. Co.* v. *Dudgeon*, 64 Ark. 108. The giving of the notice prescribed by the statute, and the order of the county court authorizing it, are essential to the acquisition of jurisdiction

over the property owners.   *Drainage District* v. *Terry*, 126 Ark. 518.

(3)   It was proved in the hearing below that the county judge in vacation gave an oral direction to the clerk to publish the notice, and it is argued that the word "court" in the statute means judge, and that the order made by the judge in vacation was sufficient.   It is true that under some circumstances, when the will of the law-makers is definitely indicated in other ways the peculiar phraseology in which it is expressed may be disregarded, and it has been held by this court that the word "court" may some times be understood as meaning judge.   *Robertson* v. *Derrick*, 113 Ark. 40. There is nothing in the context which would indicate that the law-makers used the word "court" in any sense other than its technical meaning.   There is no indication in the statute that it was meant to confer upon the judge in vacation the authority to make the order fixing the day for the hearing, for it speaks of the "court" hearing the matter in the same connection with the use of the word "court" with reference to fixing the day of notice, thus indicating that the same word was used both times in the same sense, for the law-makers could not be understood to have meant that the judge in vacation should hear the petition.

It is earnestly argued that the inconvenience of waiting for a convening of the court, after the filing of the engineer's report, leads to the conclusion that the law-makers did not intend to require that delay, and that it was intended that the clerk might give the notice without waiting for the order of the county court to fix the day.   County courts meet quarterly in regular session, and the delay from one term to another is not so great as would compel the conclusion that the law-makers necessarily intended to avoid that much delay.   At any rate, it does not present a situation which necessarily indicates that by the use of the word "court" it was intended to authorize the judge in vacation to make an order.

The jurisdictional requirements not having been complied with, it follows that the judgment of the county court establishing the district is void. The decree is therefore reversed, and the cause is remanded with directions to enter an order in accordance with the prayer of appellant's complaint.