**SECURITY INS. CO. OF NEW HAVEN, CONN., et al. v. CHOCTAW COTTON OIL CO. et al.**

No. 19859. Opinion Filed April 14, 1931.

Rehearing Denied June 9, 1931.

Rittenhouse, Lee, Webster & Rittenhouse, for plaintiffs in error.

Wimbish & Duncan, for defendant in error Choctaw Cotton Oil Company.

H. C. Thurman (Byrne A. Bowman, of counsel), for defendants in error.

HEFNER, J. The Choctaw Cotton Oil Company carried fire insurance in 12 different insurance companies, covering a quantity of cotton seed hulls located at Muskogee, Okla. Each of the companies had a clause in its policy making it liable only for its proportionate part of the insurance. A fire occurred on the 24th day of June, 1925, causing damage to the property insured.

There is no controversy as to plaintiff's right to recovery. The controversy is between defendants Security Insurance Company of New Haven and American Equitable Assurance Company of New York on one side and Superior Fire Insurance Company of Pittsburgh, Pa., on the other. The policies of the companies first above mentioned became effective at 12 o'clock noon on the day of the fire and the policy of the latter company expired at 12 o'clock noon of that day. Defendants Security Insurance Company and American Equitable Assurance Company contend that the fire occurred before 12 o'clock noon the effective date of their policies, while defendant Superior Fire

Insurance Company contends to the contrary. All of the other defendant companies conceded liability, but because of the controversy between these contending companies were unable to make settlement. Suit was then brought by insured in a single action against all defendants on all the policies. The contesting defendants demurred to this petition on the ground that several causes of action were (improperly joined, which demurrer was by the court overruled. Thereafter issues were joined, cause went to trial before the court, resulting in a judgment in favor of the plaintiff against defendants Security Insurance Company and American Equitable Assurance Company, and in favor of defendant Superior Fire Insurance Company. The Security Insurance Company and American Equitable Assurance Company appeal.

Appellants' first assignment of error is that the court erred in overruling their demurrer to the petition. The demurrer was properly overruled; there is no misjoinder of causes of action. The correct rule is announced in the case of Gerber v. Wehner, 96 Okla. 48, 220 Pac. 648; there this court said:

"Actions upon different bonds with different sureties may be joined, where the different bonds relate to the same matter and are similarly conditioned, and the default complained of constitutes a breach of each bond, so as to render all of the sureties upon the different bonds liable therefor."

See, also, Pretzfelder v. Merchants Ins. Co., 116 N. C. 491, 21 S. E. 302; Fegelson v. Niagara Fire Ins. Co. (Minn.) 103 N. W. 495.

Appellants next contend that the judgment of the trial court is not supported by the evidence, and in this connection insist the evidence discloses that the property was on fire at the time set for taking effect of their policy, but do not contend that there was an actual blaze or visible flame until after the same became effective. The evidence is undisputed that no actual flame was discovered until between 1:20 and 1:30 p m. of the day of the fire. Appellants' policies became effective at 12 o'clock noon on that day. According to the weight of the evidence, spontaneous combustion caused the fire. The hulls were located in insured's hull house and consisted of a large stack. Internal heat, sufficient to cause decomposition, developed some time prior to the fire, but it is conceded that no actual flame or blaze occurred until after appellants' policies became effective. It is no doubt true,

as contended by appellants, that the hulls were considerably damaged by heat prior to the fire, but such damage cannot be said to be damage caused by fire. Heat, as it is usually understood, is not fire. In the case of Western Woolen Mill Co. v. Northern Assur. Co. of London, 139 Fed. 637, in paragraph 1 of the syllabus, "fire" is defined as follows:

"The word 'fire,' as used in an insurance policy, in the absence of language showing a contrary intention, is to be given its ordinary meaning, which includes the idea of visible heat or light."

In paragraph 2 it is said:

"A large quantity of wool in fleeces covered by fire insurance policies was submerged for several days during a flood, which caused spontaneous combustion, with smoke and great heat, by which the wool was damaged and its fiber destroyed, but there was no visible flame or glow. Held, that the loss was not the result of fire, within the meaning of the policies."

In the body of the opinion, at page 639, the court uses the following language:

"Fire is always caused by combustion, but combustion does not always cause fire. The word 'spontaneous' refers to the origin of the combustion. It means the internal development of heat without the action of an external agent. Combustion, or spontaneous combustion, may become so rapid as to produce fire; but, until it does so, combustion cannot be said to be fire. 'Fire' is defined in the Century Dictionary as 'the visible heat or light evoked by the action of a high temperature on certain bodies, which are in consequence styled "inflammable or combustible." ' In Webster's Dictionary 'fire' is defined as 'the evolution of light and heat in the combustion of bodies.' No definition of fire can be found that does not include the idea of visible heat or light, and this is also the popular meaning given to the word. * * * But, according to the evidence, the internal development of heat never at any time became so rapid as to produce a flame or a glow, and hence, within the meaning of the word 'fire,' as used in the policies of insurance, there was no fire."

Viewing the evidence in the light of this authority, it amply sustains the finding of the trial court that there was no damage by fire prior to the taking effect of appellants' policies. We do not think it is necessary to discuss the contention of appellants that the property was not in existence at the time their policies took effect.

The judgment is affirmed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.