## GEORGIA HOME INS. CO. of COLUMBUS, GA., et al. v. CHOCTAW COTTON OIL CO. et al.

No. 20283. Opinion Filed Oct. 27, 1931.

Rehearing Denied Nov. 24, 1931.

Rittenhouse, Lee, Webster & Rittenhouse, for plaintiffs in error.

McLaury & Hopps, Paul G. Darrough, H. F. Mathis, and Trice & Davison, for defendants in error.

HEFNER, J. The Choctaw Cotton Oil Company brought this action in the district court of Pontotoc county to recover on certain fire insurance polices against American Equitable Assurance Company, Mercury Insurance Company, and Rhode Island Insurance Company, hereinafter referred to as the Oklahoma companies, and Georgia Home Insurance Company, Girard Fire & Marine Insurance Company, and others, hereinafter referred to as the Florida companies.

There is no dispute as to the loss or the

amount the insured is entitled to recover. The contest is between the Florida companies and the Oklahoma companies as to the manner in which the loss should be prorated.

Plaintiff sustained a loss of $29,006.09, by reason of a fire in its seed house located at Jacksonville, Fla. The seed house was a part of its cotton seed oil mill plant there located. One of the questions for our determination is the date a certain distribution clause was placed in the policies of the Oklahoma companies. The Oklahoma companies' policies went into effect July, 1925, and covered property at 24 different locations in an amount set opposite each location. The coverage at Jacksonville was $250,000. Relative to loss the Oklahoma policies originally contained the following proration clause: "Pro rata of the amount set opposite each location." The total coverage at all locations amounted to $2,356,700. Other companies also had policies on the property at Jacksonville, but these policies were canceled prior to the fire and are not here involved. Upon the cancellation of these policies Fred C. Johnston and Ed M. Semans, insurance brokers located in Oklahoma City and doing business under the name of "Insurance Service Company," acting as agent for the plaintiff and the Oklahoma companies, solicited and procured other insurance on plaintiff's plant at Jacksonville from the Florida companies, which companies covered at that location insurance in the sum of $150,000. The Florida companies' policies contained a distribution average clause which provides:

"It is understood and agreed that the amount insured by this policy shall attach in or on each separate building, compartment, structure, platform, yard or car at each of the above-named locations in that proportion of the amount hereinbefore insured that the value of the property covered by this policy contained in or on each separate building, compartment, structure, platform, yard or car at each location shall bear to the value of such property contained in or on all the buildings, compartments, structures, platforms, yards or cars at all of the above-named locations."

The Oklahoma companies' policies did not originally contain this clause. The American Equitable Assurance Company and Rhode Island Insurance Company each covered $353,500 of the total amount of insurance, which sum was 15 per cent. of the total coverage. The policy of the Mercury Insurance Company covered 10 per cent. of the total, and by virtue of the original pro rata clause contained in these policies the combined liability of these companies at Jackson-

ville would have been $100,000, the amount set opposite the Florida location being $250,000.

The Florida companies contend that by reason of the distribution average clause contained in their policies, they are liable only in such proportion as the value of the seed house bore to the whole value of the plant located at Jacksonville. It is stipulated that the value of the seed house is $32,723.09, and that the value of the entire plant is $275,137.93. That the amount of their insurance on the seed house, therefore, is 32,723.09/275,137.93 of $150,000, or $17,840. That applying the pro rata clause of the Oklahoma companies, their insurance against the seed house is $100,000, thus making the whole insurance against the seed house $117,840. That the Florida companies' liability under their policies is 17,840/117,840 of $29,061.09, or $4,398.82, and that the Oklahoma companies are liable for the balance, or the sum of $24,662.17. The adjuster adjusted the loss in accordance with the contention of the Florida companies.

The fire occurred October 3, 1925. It is the contention of the Oklahoma companies that the Insurance Service Company, as their agent and agent of insured, changed the policies on the 2nd day of October, 1925, by placing a rider thereon which contained the same distribution average clause as is contained in the policies of the Florida companies. It is conceded if, at the time of the fire, the Oklahoma companies' policies contained this distribution average clause, the Oklahoma companies would be liable for two-fifths of the loss and the Florida companies would be liable for three-fifths thereof.

The trial court found in favor of the Oklahoma companies and rendered judgment accordingly.

The Florida companies appeal and assert that the judgment is not sustained by the evidence and is contrary to law, and in this connection counsel urge that the evidence is insufficient to support the finding that the rider containing the distribution average clause was placed on the Oklahoma policies prior to the fire. Their position is that these clauses were placed on those policies after the fire. The evidence on this proposition is conflicting. There is positive evidence that these riders were placed on the polices by the Insurance Service Company on the 2nd day of October, 1925. Mr. Johnston, of the Insurance Service Company, and his stenographer positively so testify. There are circumstances which tend to indicate the contrary. The trial court, however, settled this issue against appellants,

and under the record we are bound thereby.

It is next urged by appellants that the changes made in the Oklahoma policies are void because made by the Insurance Service Company as agent for both insured and insurers. That under section 6723, C. O. S. 1921, it is prohibited from acting as agent for the insured. Insured executed a written contract and power of attorney authorizing the Insurance Service Company to secure insurance on its property and to cancel, change, and substitute policies on the property. Under this contract and power of attorney, it was expressly authorized by insured to change the policies. In these circumstances, the contract is valid notwithstanding the provisions of section 6723, supra.

In the case of Insurance Company of North America v. Burton, 147 Okla. 112, 294 P. 796, it was said:

"Section 6723, C. O. S. 1921, providing that any person who shall solicit and procure an application for insurance, in all matters relating to such application and the policy issued in consequence thereof, shall be regarded as the agent of the insurer and not the insured, does not preclude such person from acting as the agent of insured in certain particulars, and in a proper case."

The evidence establishes that the Insurance Service Company did not notify insured as to the changes made in the Oklahoma policies prior to the fire, and appellant contends that the riders placed on these policies are, for this reason, void. This contention cannot be sustained. Under the contract and power of attorney executed by insured, the Insurance Service Company was authorized to make the change without notice to insured. Speaking on this question, this court in the case of Insurance Company of North America v. Burton, supra, said:

"There is a well-established rule that, where an owner constitutes the agent of a fire insurance company his agent to keep the property insured with power to select the insurer or insurers, such agency carries with it the power to cancel a policy without notice to the insured and substitute therefor a policy in another company, as he may be the agent for the insured for such purpose, and, as such, may, for the insured, waive notice. Wilson v. German American Ins. Co. (Kan.) 133 P. 715; Phoenix Ins. Co. v. State (Ark.) 88 S. W. 917; Allemania Fire Ins. Co. v. Zweng (Ark.) 191 S W. 903; Aetna Ins. Co. v. Renno (Miss.) 50 So. 563; Dibble v. Northern Assurance Co. (Mich.) 37 N. W. 704."

The contract and power of attorney executed by insured contains the following clause:

"* * * It being understood that such insurance placed for the year beginning July 1st. and September 1, 1925, and during the following 18 months shall be placed at ten per cent. (10%) less than the average expiring fire insurance rates on present policies now covering such properties.

"Within a period of 18 months, beginning July 1, 1925, insurance brokers undertake to reduce expiring fire insurance rates on said mill properties by not less than five per cent. (5%) additional reduction over all; in case of failure of insurance Service Company to secure such reduction, the corporation is privileged to cancel this agreement."

It is contended by appellants that this clause renders the contract void because it violates sections 6744 and 6747, C. O. S. 1921. We do not think the contract violates either of these sections or any other provision of the statute. There is no evidence that the contracted rate is discriminatory or in violation of scheduled rates. The contract further provides:

"Beginning as soon as practicable, and during said five-year period, insurance brokers shall maintain, at their own expense, sufficient insurance engineering service, and at least one resident insurance engineer in Oklahoma, and the entire time and services of said insurance engineer shall be always at the disposal of the corporation. Such insurance engineer shall map and inspect all mill properties of the corporations as quickly as practicable and shall furnish the corporation with copies of all such maps and inspection reports.

"The corporation shall make all reasonable corrections or improvements on such mill properties recommended by insurance brokers or said insurance engineer which the corporation may agree to be expedient or practicable.

"The intent and purpose of this agreement is to enable both the corporation and said insurance brokers to work in harmony at all times, prevent or minimize fire losses upon mill properties, and to procure and maintain for the corporation sound fire insurance upon its mill properties at the lowest average rates obtainable from time to time."

Construing the contract as a whole, it simply contemplates that by the use of insurance engineering methods such changes in the properties shall be made as will reduce and minimize the danger of fire and thus reduce the rate to the minimum. The contract, when properly construed. does not on its face violate any provision of the statute.

The insurance adjuster adjusted the loss and apportioned the same according to the contention of appellants. It is their contention that appellees, having authorized him to adjust the loss, are bound by the apportionment as made by him, and in support

of this contention they rely on the following rule announced in 26 C. J. 412:

"Any officer or agent, generally or specifically authorized by the insurer to act for him in the matter, may bind the insurer by adjusting with the insured the amount to be paid for the loss under the terms of the policy."

This is no doubt the general rule when the loss is adjusted within the terms of the policy, but an adjuster is not authorized to bind the company to pay damages not covered by the terms of its policy. In the case of Chisholm v. Royal Ins. Co., Ltd. (Mass.) 114 N. E. 715, the following rule is announced:

"The adjuster of a company which insured plain iff's automobile against loss or damage by theft by a policy limiting the company's liability to the actual cost of repairing or replacing the parts damaged or destroyed, while he may be assumed to have authority to bind the company in the ascertainment of the damage actually sustained because of the theft and the cost of repairing it, and might have authority to delegate to a third party the determinaion of what repairs were made necessary by the theft, has no implied authority to bind the company to pay for putting the machine in as good condition as new, including the cost of repairs made necessary by wear and tear and by a previous accident not covered by the policy."

In the case of Hays Pump & Planters Co. v. Assurance Company of America, 182 Ill. App. 380, the court said:

"Where an adjustment of fire losses was completed and agreed to and the total amount of the loss was properly ascertained, but the amount chargeable to one company was erroneous because of a co-insurance clause in its policy, held, the adjustment gave rise to an implied promise to pay the sum justly apportionable to such company according to its policy, and the company was not required to pay a larger sum because of a misconception of its adjuster and the insured."

Under these authorities an adjuster's authority is limited to an adjustment of the loss within the terms of the policy. He is without authority to construe the policy and cannot by a misconception or a misconstruction thereof bind insurer to pay damages not covered by the terms of the policy.

Appellants next contend that several causes of action are improperly joined. This question has been decided against them in the case of Security Ins. Co. of New Haven v. Choctaw Cotton Oil Co., 149 Okla. 140, 299 P. 882. It is there said:

"Separate causes of action on several policies issued by different insurers to one person on the same property may be joined, where the insurers are liable only proportionately."

Appellants also raise some question as to the sufficiency of the proof of loss. No question is raised as to the loss nor as to the damages suffered by insured. The only question at issue is the manner in which the loss should be apportioned among the various companies. The adjuster appeared and adjusted the loss and no objection was ever raised as to the sufficiency of the proof of loss. This question therefore becomes immaterial.

Judgment is affirmed.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent.

Note.—See under (2) annotation in 38 L. R. A. (N. S.) 614, 14 R. C. L. 875, 876; R. C. L. Perm. Supp. p. 3694.