## DETROIT FIRE & MARINE INS. CO. v. OKLAHOMA TERMINAL ELEVA-TOR CO. et al.

### No. 724.

Circuit Court of Appeals, Tenth Circuit.

April 10, 1933.

672

F. A. Rittenhouse and John F. Webster, both of Oklahoma City, Okl. (F. A. Rittenhouse and Walter D. Hanson, both of Oklahoma City, Okl., on the brief), for appellant.

John Embry, of Chandler, Okl. (Embry, Johnson, Crowe & Tolbert, of Oklahoma City, Okl., on the brief), for appellees.

Before COTTERAL and McDERMOTT, Circuit Judges, and JOHNSON, District Judge.

COTTERAL, Circuit Judge.

This suit was brought by the Oklahoma Terminal Elevator Company, joined by certain assignees, to recover upon a policy of insurance, issued upon its elevators at Purcell, Okl., by the Detroit Fire & Marine Insurance Company, on September 13, 1928. The plaintiff alleged that the consideration for the policy was an annual premium paid of $199.10; that the elevators were damaged by fire on January 16, 1929; that due proof of loss was made to the insurance company, and for refusal of payment judgment was demanded for $10,000, with interest. The answer, in addition to a general denial, alleged that under a provision of the policy, which provided for cancellation at the request of the insured or by the company on five days' notice, the company, on December 19, 1928, gave notice to the elevator company of the cancellation, and on or about December 27, 1928, the policy was delivered by the company to the defendant for cancellation and canceled. In a reply, plaintiffs denied the fact of cancellation.

The case was tried to a jury, and resulted in a verdict awarding plaintiffs $7,826.09 as damages, which was reduced by the court to $7,000.90, and judgment was rendered for that amount, with interest from date of verdict. The insurance company appeals, and complains of errors in overruling its demurrer to plaintiffs' evidence, denying its motion for a directed verdict, instructing the jury, and denying a motion for a new trial.

The assignment based on the overruling of the demurrer to the evidence is not well founded. By introducing evidence in defense, the error, if any, was waived. Fisher

Mach. Works Co. v. Dougherty (C. C. A.) 231 F. 910; Crowell Bros. v. Panhandle Grain & Elev. Co. (C. C. A.) 271 F. 129; Walton Trust Co. v. Taylor (C. C. A.) 2 F.(2d) 342.

The motion for a directed verdict interposed at the close of the evidence was based on its insufficiency and the related ground that E. V. Mashburn was the agent of the elevator company and not of the insurance company. A motion of that character may prevail only when the evidence is undisputed, or when it is of such conclusive character that a verdict to the contrary should be set aside, in the exercise of sound judicial discretion. Slocum v. New York L. Ins. Co., 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029; Small Co. v. Lamborn & Co., 267 U. S. 248, 45 S. Ct. 300, 69 L. Ed. 597; Gunning v. Cooley, 281 U. S. 90, 50 S. Ct. 231, 74 L. Ed. 720; Frankel v. New York Life Ins. Co. (C. C. A.) 51 F.(2d) 933.

It was not questioned at the trial that the policy in suit was issued and was in force, unless it was canceled. A clause of the policy provides that it was subject to cancellation at any time at the request of the insured or by the company on five days' notice. The defense actually made was that the policy was canceled by mutual agreement. The evidence must be reviewed to determine whether there was a conflict in the testimony on that subject.

Frank Gresham represented the elevator company in obtaining and dealing with insurance. E. V. Mashburn was an insurance broker. He was also the agent of the Travelers' Insurance Company at Oklahoma City. He solicited insurance patrons in other companies, but did not represent the defendant company, or its agent, J. F. McCullough. The transactions between those parties began in September, 1927, when Mashburn delivered to Gresham three policies for $10,000 each, in the Travelers', Northern, and the defendant company. It was arranged between him and Gresham that the latter might have time to pay the premiums which were charged to Mashburn. The policy in suit was a renewal and the annual premium was $199.10. Agent McCullough remitted the premium to his company, less 15 per cent. His commission was 5 per cent. and Mashburn's 10 per cent.

Gresham's account was that the policies were intrusted to Mashburn; that Mashburn came to his office and represented that letters had been written canceling the policies, and

denying him further credit, but, if Gresham could pay $100 on the premium, Mashburn would see what he could do about holding up the letters; that witness requested more time, promised to pay $100 before January 1st, and paid $49.10 by check at the time; that witness told Mashburn the insurance was necessary, and, if he could not rewrite the policies, they would be given to some one else, and he would give C. R. Haskett $10,000; that he saw Mashburn on December 18 and paid him the balance of $100, when nothing was said about canceling the policy in suit or a surrender of it, and witness never authorized its cancellation; that he saw Mashburn the day before the fire (January 15th), when Mashburn gave him a statement of account, showing $640.31 as due, in which appeared the premium on the policy in suit; that he informed Mashburn he could then pay nothing, and the matter of cancellation was not mentioned; that he saw Mashburn the next day after the fire, when he informed the witness the policy had been canceled for about a month.

Mashburn's account was that he went to Gresham's office and told him McCullough and Whitehurst had requested cancellation of all outstanding insurance and were preparing five-day notices; that Gresham said it would ruin him; that Mashburn proposed an agreement to deliver the policies to him within the five days, and, if agreed to, he would try to arrange with McCullough and Whitehurst not to send out the letters; that Gresham agreed, as it would give him an opportunity to replace his insurance; that McCullough and Whitehurst also agreed, with the understanding Gresham was to deliver the policies to Mashburn; that there was some delay in the matter, but Gresham later surrendered the policy in the Travelers' Company and the policy in suit to Mashburn for cancellation, and Mashburn took the latter to McCullough, who canceled it, on December 27, 1928.

Section 6723, C. O. S. 1921, provides that "any person who shall solicit and procure an application for insurance shall, in all matters relating to such application for insurance and the policy issued in consequence thereof, be regarded as the agent of the company issuing the policy and not the agent of the insured."

And section 6767 prescribes a standard form for insurance policies, in which it is provided that in any matter relating to the insurance "no person, unless duly authorized in writing, shall be deemed the agent of this company."

In Insurance Company of North America v. Burton, 147 Okl. 112, 294 P. 796, it was held that under section 6723, supra, a solicitor was not the agent of the insured, with power to accept or waive notice of cancellation. There was no mention or discussion of section 6767. In Sun Insurance Office v. Scott, 284 U. S. 177, 52 S. Ct. 72, 76 L. Ed. 229, a written provision in a policy against incumbrances was held to avoid the policy, where the insured property was mortgaged. If the question of agency for the purpose of notice was material, doubtless Mashburn could be regarded only as the agent of the elevator company. But we consider the statutes as immaterial in this case.

There was no actual notice of cancellation in the case. There was only a proposed notice. The question was whether Gresham voluntarily surrendered the policy to Mashburn for cancellation. The evidence was in conflict on the issue, and it was one for solution by the jury. The motion to direct a verdict was therefore not well taken, and was properly overruled.

■ Appellant complains specially of the refusal of an instruction, which was in substance that, if Mashburn was the agent of the elevator company to keep the property insured under the supervision of Gresham, then the jury should find Mashburn was the agent of the elevator company and the policy was duly canceled; and further that, if Mashburn was the agent of the insurance company and Gresham delivered the policy in question to Mashburn for cancellation, such delivery would be a waiver of the notice of cancellation, and would constitute a cancellation by agreement.

■ The first part of the request was erroneous in omitting to charge it was necessary for Gresham to surrender the policy for cancellation. The latter part of the request was practically given to the jury, and there was no error in not repeating it. The instruction was, in substance, that, if Mashburn notified the insured that the policy would be canceled in five days, and if the insured requested that no written notice be given, and if it was not given the insured would surrender the policy for cancellation, and if that was done, the plaintiffs could not recover on the policy. That instruction conformed substantially to the defense pleaded and to Mashburn's testimony upon which the defense was founded. It brushed aside any obstacle to a verdict in favor of the insurance company, if the facts accorded with his testi-

mony, regardless of any theory of agency in the case.

The objections argued respecting other instructions are that they were contradictory and confusing. But we do not so construe them. It is true more of the undisputed facts might have been stated with certainty. But we do not discover the objections were well founded.

With regard to the question of agency, the court charged the jury the statutes were contradictory; and the question of Mashburn's agency was left to the jury. But the instructions given were without any practical application, and a sufficient correction was made, if needed, by the concrete instruction upon the theory of the defense. We can therefore only regard the charge upon the matter of agency as harmless.

The ruling on the motion for a new trial was a matter of discretion, and it is not reviewable on appeal. Brown v. United States (C. C. A.) 9 F.(2d) 588; Sun Oil Co. v. Rhodes (C. C. A.) 15 F.(2d) 790; Ryan v. United States (C. C. A.) 58 F.(2d) 708.

Other propositions have been discussed by counsel, but they do not call for special notice. The insurance company, we think, had a fair trial, and no error intervened to its prejudice.

Our conclusion is that the judgment in this case should be affirmed. It is so ordered.

Affirmed.

McDERMOTT, Circuit Judge (concurring).

I concur in all of the opinion excepting the parenthetical statement to the effect that if the question of Mashburn's agency was necessary for the decision of the case, the court doubtless would decide that he was the agent of the elevator company. While I understand that such parenthetical statements are no more than the personal views of the judge writing the opinion, I think I should say that I am not in accord with this statement of the law of insurance. While I have not taken time from the study of questions which are material, to investigate carefully the law on this concededly immaterial point, my general understanding is that an insurance company may not cancel my policy of insurance by sending notice to the broker or soliciting agent with whom I placed the policy. Notice of cancellation must be brought home to the assured. Cooley's Briefs on Insurance, §§ 4587, 4593, and cases cited. Where an agent is employed for the purpose of keeping property insured, he may have

the power to accept a notice of cancellation in order to enable him promptly to place the insurance in another company. Such power is implied as a necessary incident to the object of the agency, to wit, keeping the property insured. If the agent does not elsewhere place the insurance, the power to accept cancellation is not an incident of keeping the property insured, is not implied, and the notice should be given the assured or to one authorized by him to accept notice of cancellation, so that he may take the necessary steps to protect his property.