34 Wn. App. 257 (1983)
660 P.2d 768
WASHINGTON STATE HOP PRODUCERS, INC., Appellant,
v.
HARBOR INSURANCE COMPANY, ET AL, Respondents.
No. 4888-8-III.
The Court of Appeals of Washington, Division Three.
March 15, 1983.
*258 Reed C. Pell and Roy & Pell, for appellant.
Robert D. Morrow, Rodney J. Vessels, Philip A. Talmadge, and Karr, Tuttle, Koch, Campbell, Mawer & Morrow, for respondents.
ROE, C.J.
Plaintiff Washington State Hop Producers appeals a summary judgment entered in favor of defendants Harbor Insurance Company and Puritan Insurance Company.
On October 26, 1979, plaintiff discovered 253 bales (50,853 pounds) of hops in its warehouse had been damaged by "browning". An affidavit submitted by Dr. C.E. Zimmermann, a hop plant physiologist for the United States Department of Agriculture, stated the damage was caused by heat which is "indicative of a chemical oxidation of the humulon, lupulon, and oil in the hop cones", similar to being "charred".
Defendants insured plaintiff's stock "against all DIRECT LOSS BY Fire ..." (Italics ours.) Plaintiff submitted a claim of loss to defendants which was refused. As a result, plaintiff brought suit alleging the hops were "destroyed by fire" and seeking coverage within the fire insurance policies. We agree with the trial court's decision denying coverage.
The rules regarding summary judgment are well known and do not require repeating. See Ohler v. Tacoma Gen. Hosp., 92 Wn.2d 507, 511, 598 P.2d 1358 (1979); LaPlante v. State, 85 Wn.2d 154, 158, 531 P.2d 299 (1975).
[1, 2] The word "fire" was not defined in the insurance policies. Undefined words in an insurance policy will be given their popular and ordinary meaning. Witherspoon v. *259 St. Paul Fire & Marine Ins. Co., 86 Wn.2d 641, 650, 548 P.2d 302 (1976). According to Webster's Third New International Dictionary 854 (1976), fire is defined as "the phenomenon of combustion as manifested in light, flame, and heat ..." "Combustion" is defined at page 453 as "a process or instance of burning ... any chemical process accompanied by the evolution of light and heat ..."
Cases have held that the mere showing of the emission of smoke, steam or heat is not sufficient to establish the existence of a fire; there must be some visible indication of fire such as flame, glow or light. H. Schumacher Oil Works, Inc. v. Hartford Fire Ins. Co., 239 F.2d 836, 839 (5th Cir.1956); Western Woolen Mill Co. v. Northern Assur. Co., 139 F. 637, 639 (8th Cir.), cert. denied, 199 U.S. 608, 50 L.Ed. 331, 26 S.Ct. 750 (1905); The Buckeye State, 39 F. Supp. 344, 347 (W.D.N.Y. 1941); Hartford Fire Ins. Co. v. Electrical Dist. 4, 9 Ariz. App. 374, 452 P.2d 539, 542 (1969); Security Ins. Co. v. Choctaw Cotton Oil Co., 149 Okla. 140, 299 P. 882, 884 (1931). The law does not require that a glow actually be observed, but merely that if there had been an observer in the middle of the pile, who secured his vantage without introducing any extraneous oxygen, he could have observed an actual glow. H. Schumacher Oil Works, Inc., at 840.
Here, there was no evidence of any flame or glow in the damaged hops. Plaintiff urges there could have been if oxygen had been supplied. What "`could have been'" is not sufficient to satisfy what was. Hartford Fire Ins. Co. v. Electrical Dist. 4., 452 P.2d at 542. This was unlike the 1981 incident referred to in an affidavit submitted by Paul Polley, manager of Washington State Hop Producers. In 1981, bales of hops burst into flame as they were separated and removed from the warehouse. Although hops from the 1981 incident were "actually burned by open flames ... [n]o such hops were found at the time of the 1979 occurrence." According to Dr. Zimmermann, regarding the 1979 hop damage, "such damage can occur without the presence of flame, glow, or light visible to a human observer." Since *260 it is uncontroverted that heat generated by chemical oxidation caused the damage; that such may occur without the presence of flame, glow, or light; and that no flame, glow, or light was evidenced, there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Ohler v. Tacoma Gen. Hosp., supra at 511. Were we to hold otherwise, any exothermic oxidation resulting in deterioration could be considered caused by fire. The possibilities would be endless. Oxidation is a common phenomenon which is the unification of oxygen with matter; it does not normally cause fire. Compost and silage, for example, generate heat as the matter is oxidized and decomposed, but that is not considered fire.
Finally, the type of loss which occurred in 1979 clearly could have been contemplated.[1] Since the policies did not specifically cover such loss, we may not rewrite them to include it.
Accordingly, the judgment is affirmed.
GREEN and McINTURFF, JJ., concur.
Reconsideration denied April 5, 1983.
NOTES
[1] Although defendants did not argue it, we note that among the exclusions listed in the subject insurance policies are "WEAR AND TEAR, DETERIORATION, RUST OR CORROSION, MOULD, WET OR DRY ROT; INHERENT OR LATENT DEFECT ..." This partial list includes various forms of oxidation. We do not decide whether the "browning" was within this language.